Defendant-appellant Gerald O. Strothers was found guilty of violating Cleveland codified ordinances by crossing a roadway outside of a crosswalk, § 471.03; failing to use ordinary care, § 471.11; and failing to obey a traffic control device, § 413.01. Under § 403.99, each offense was a nonjailable minor misdemeanor, and Strothers was fined $30.00 for each conviction. His appeal presents two assignments of error, the first of which contends:
 I. JUDGE MABEL JASPER COMMITTED PREJUDICIAL ERROR WHEN SHE FAILED TO ADVISE APPELLANT GERALD O. STROTHERS OF HIS LEGAL RIGHT TO BE REPRESENTED BY COUNSEL, AND/OR NEVER AFFORDED APPELLANT THE OPPORTUNITY TO LOCATE LEGAL COUNSEL.
The assignment of error is not well taken.
"A State must provide trial counsel for an indigent defendant charged with a felony, Gideon v. Wainwright (1963), 372 U.S. 335,339, but that right does not extend to nonfelony trials if no term of imprisonment is actually imposed, Scott v. Illinois
(1979), 440 U.S. 367, 373-374." M.L.B. v. S.L.J. (1996),519 U.S. 102, 113. Because Strothers was not sentenced to a term of imprisonment for his minor misdemeanors, the Sixth Amendment right to counsel was not violated. Scott v. Illinois, supra.
Moreover, nothing in the record suggests that the trial court prevented Strothers from securing legal representation, and Strothers did not seek a continuance in order to retain counsel. Strothers' first assignment of error is overruled.
Strothers' second assignment of error states:
 II. JUDGE JASPER'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BEFORE HER.
Strothers contends that he could not be guilty of crossing a roadway outside a crosswalk because he ran across the street only to the median and thus did not completely cross the street. Strothers' argument is challenging, but not persuasive.[1]
"Cross" is defined to include "a motion that intersects or goes across: as * * * a movement from one part of the stage of a theater to another or from one side to the other." Webster's Third New International Dictionary (1993). It follows that one may "cross" a distance without necessarily traversing the full distance between the two most extreme reference points.
The evidence here showed that Strothers continued to stand in a busy street supposedly directing traffic despite repeated instructions from a Cleveland police officer to step out of the street. (Tr. 6-7.) We cannot say that the trier of fact clearly lost its way and created a manifest miscarriage of justice. The judgment is not against the manifest weight of the evidence. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 387.
Strothers' assignments of error are overruled. The judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and JOHN T. PATTON, J., CONCUR.
 _______________ DIANE KARPINSKI JUDGE
[1] For its part, Cleveland apparently does not disagree with the definition of "cross" urged by Strothers, who told us he is also enrolled in law school. But when questioned on this during oral argument, Cleveland's counsel contended that this two-way street should be treated as if it were two one-way streets divided by a median so that Strothers did completely "cross" the street once he reached the median. Cleveland's argument is inventive but unnecessary.